

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA



COMMONWEALTH OF PENNSYLVANIA, .
GOVERNOR TOM WOLF, ATTORNEY     . Case No. 18-cv-3208
GENERAL JOSH SHAPIRO, and       .
PENNSYLVANIA STATE POLICE,      .
                                . 601 Market Street
            vs.                 . Philadelphia, Pennsylvania
                                . July 29, 2018
DEFENSE DISTRIBUTED, DEFCAD,    .
GHOST GUNNER, and CODY          .
WILSON,                         .
                                .
            Defendants.         .

. . . . . . . . . . . . . . . .

**FILED**

**JUL 3 1 2018**

KATE BARKMAN, Clerk
By_____Dep. Clerk

TRANSCRIPT OF TELEPHONIC HEARING RE:
APPLICATION FOR TEMPORARY RESTRAINING ORDER
BEFORE THE HONORABLE PAUL S. DIAMOND
UNITED STATES DISTRICT JUDGE

APPEARANCES VIA TELEPHONE:

For the Plaintiffs:              Jonathan Scott Goldman, Esq.
                                 Bart Delone, Esq.
                                 Lauren Sulcove, Esq.
                                 PENNSYLVANIA OFFICE OF THE
                                 ATTORNEY GENERAL
                                 Strawberry Square, 15th Floor
                                 Harrisburg, PA 17120

For the Defendants:              Joshua Michael Blackman, Esq.
                                 JOSH BLACKMAN, LLC

                                 Matthew A. Goldstein, Esq.
                                 SNELL & WILMER
                                 One South Church Avenue
                                 Suite 1500
                                 Tucson, Arizona 85701-1630

Audio Operator:                  Electronically Recorded
                                 by M. Mani

Transcription Company:           Advanced Transcription
                                 1600 Market Street
                                 Suite 1700
                                 Philadelphia, Pennsylvania 19103
                                 (855)204-8184

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.



INDEX

| | Page |
|---|---|
| ARGUMENT BY MR. GOLDMAN | 6 |
| COMMENTS BY MR. BLACKMAN | 8 |
| FURTHER COLLOQUY AND ARGUMENT | 9 |
| COURT DECISION | 16 |

(Proceedings commence at 5:44 p.m.)

THE COURT: Hello. This is Judge Diamond. Could everybody please identify himself or herself and client?

MR. GOLDMAN: Good Evening, Your Honor. This is Jonathan Goldman, Executive Deputy Attorney General, for the Commonwealth of Pennsylvania, representing the plaintiffs. And I am here with two colleagues who will introduce themselves.

MR. DELONE: Your Honor, this is Bart Delone, also with the Attorney General's Office.

MR. GOLDSTEIN: Matt Goldstein --

MR. DELONE: Excuse me?

MR. GOLDSTEIN: I'm sorry. I just was doing -- this is Matt Goldstein on behalf of Defense Distributed and the Second Amendment Foundation.

MR. DELONE: Okay.

THE COURT: Hold on.

MR. DELONE: This is Bart Delone --

THE COURT: One at a time.

MR. DELONE: -- also with the --

THE COURT: One at a time.

MR. DELONE: -- Attorney General's Office, on behalf of the Commonwealth.

MS. SULCOVE: Good evening, Your Honor. This is Lauren Sulcove. I'm also a Deputy Attorney General here in

Pennsylvania.

MR. GOLDMAN:  We -- also, Your Honor, if you'd like them to introduce themselves, we have five witnesses on the line.

THE COURT:  Not necessary.

UNIDENTIFIED:  (indiscernible)

THE COURT:  Not necessary yet.

Could the defense counsel please introduce themselves.

MR. BLACKMAN:  Thank you, Your Honor.  This is Josh Blackman for Defense Distributed and Mr. Cody Wilson.  I'll note at the outset we are dismissing jurisdiction or venue, at the earliest opportunity, we'll challenge that.  I'm just here in a (indiscernible) posture.  We had roughly an hour's notice (indiscernible)

THE COURT:  I'm sorry.

MR. BLACKMAN:  (Indiscernible)

THE COURT:  I'm sorry.  I'm sorry.  I can barely hear you.  If you could speak up just a bit.

MR. BLACKMAN:  I'm sorry, sir.  I'm in the lounge at LaGuardia Airport.  I'm going to do the best I can.

THE COURT:  Could you --

MR. BLACKMAN:  This is --

THE COURT:  -- identify --

MR. BLACKMAN:  -- Josh Blackman.

THE COURT:   -- yourself?

MR. BLACKMAN:   I'm the attorney -- this is Josh Blackman.   I'm the attorney for Defense Distributed and Mr. Cody Wilson.

We do not consent to this Court's jurisdiction or venue.   We will challenge it at some future time.   I had roughly one hour's notice for this call.   I will do the best I can.   My colleague Matt Goldstein is also on this call.   We had roughly the same notice.   And we -- again, we do not consent to jurisdiction or venue at this point.

THE COURT:   If it makes you --

MR. GOLDSTEIN:   This is --

THE COURT:   -- feel any better --

MR. GOLDSTEIN:   -- Matt Goldstein.

THE COURT:   -- mister --

MR. GOLDSTEIN:   I had about --

THE COURT:   Wait.

MR. GOLDSTEIN:   I had roughly --

THE COURT:   Wait.

MR. GOLDSTEIN:   -- about 25 minutes' notice.   I'm in a car with two toddlers, and just left the Target store in Tucson, Arizona.

THE COURT:   I'm sorry.   Can the parties hear me? Because I don't seem to -- everybody is talking over everybody.

Mr. Blackman, if it makes you feel any better, I've had an hour's notice, as well.

MR. BLACKMAN:  Thank you, Your Honor.

THE COURT:  Could the plaintiff -- I'm not going to hear from any witnesses on this call.  It -- could the plaintiff, very briefly, describe what it is the plaintiff wants me to do and why?  Very briefly.

MR. GOLDMAN:  Yes, Your Honor.  Very briefly, we would like the Court to enter a temporary restraining order, ordering the defendants to pull down from their website all guns that are posted up there that can be downloaded and easily 3D-printed.  And then we would request that they be enjoined from uploading any further guns until we have a proper hearing, Your Honor.

THE COURT:  Mister -- geez, I'm sorry, I'm trying to follow everybody's name.  Mr. Goldman, I'm looking at the order you have provided me with, and you asked me to enjoin the defendants -- and I'm reading now:

"-- from taking any action to make any 3D-printable firearms available over the internet in Pennsylvania."

And --

MR. GOLDMAN:  Correct, Your Honor.

THE COURT:  Pardon?

MR. GOLDMAN:  I'm sorry.  Yes, that is what we

asked for in our order.

THE COURT: Okay. That's very different than what you just said over the phone.

MR. BLACKMAN: Your Honor, if I can interject briefly (indiscernible) --

THE COURT: Yeah, I can barely hear you. Is that you, Mr. Blackman?

MR. BLACKMAN: Yeah, this is Mr. Blackman. Shortly after the Pennsylvania Attorney Generals notified us of their suit, I called him, and I told him the entire premise of this TRO was incorrect.

THE COURT: I -- I've seen the --

MR. BLACKMAN: (indiscernible)

THE COURT: Mr. Blackman, Mr. Blackman, calm down. I've seen the exchange of emails. And I am not entirely sure, based on this complaint, that I have jurisdiction. It almost looks like a state court criminal complaint that was somehow, at the last minute, adapted to be a federal complaint.

Would it be possible, Mr. Blackman, if I scheduled a hearing for the day after tomorrow, would it be possible for you and your clients to agree not to put any of this material up on the internet, as far as Pennsylvania is concerned, for the next 48 hours?

MR. BLACKMAN: Well, Your Honor, so, as a threshold

matter, the file is already online. What we could do -- and I haven't checked with my client (indiscernible) consent. There's something called "IP address filtering," which allows us to filter certain IP addresses from accessing it. We currently have New Jersey blocked. So, if you're in New Jersey, you can't access files. We also have a block in Los Angeles County --

THE COURT: I saw that.

MR. BLACKMAN: (indiscernible)

THE COURT: I saw that from your -- I saw that from your complaint, in the Western District of Texas. Could you do that --

MR. BLACKMAN: Right.

THE COURT: -- in Pennsylvania?

MR. BLACKMAN: Absolutely, Your Honor. I will call my client as soon as I get off the phone with you, and I will instruct them to. I don't know how long it takes to do it, but as soon as we can get it done, I will block all Commonwealth of Pennsylvania IP addresses from accessing the website.

THE COURT: Mr. Goldman.

MR. GOLDMAN: Your Honor?

THE COURT: Mr. Goldman. Mr. Goldman.

MR. GOLDMAN: Yes.

THE COURT: As I read your complaint, there may or

may not be diversity of citizenship. It appears all the defendants are in Texas. You haven't pled that. You haven't asked for damages, although you ask for any other relief that -- to which you may be entitled. And if you ask -- you would have to ask for at least $75,000 in damages. You haven't clearly indicated to me what the Federal Court's jurisdiction is here. I think I could ferret it out, but I shouldn't have to.

And since Mr. Blackman has been gracious enough to agree that he'll take this stuff off the internet, as far as Pennsylvania is concerned, I think that's about all you can ask for, based on these papers, which, by the way, are unverified. You have a bunch of witnesses you want to call, and I may well hear them on Tuesday. But there's no affidavit attached to your motion or complaint.

MR. GOLDMAN: That is correct, Your Honor.

THE COURT: I know it's correct.

MR. GOLDMAN: May I address --

THE COURT: I have them. I imagine that this was all done at the last second, when you learned that stuff was already up on the internet that you thought wasn't going to go up on August -- that wasn't going to go up until August 1st.

MR. GOLDMAN: That is not correct, Your Honor.

THE COURT: Well, then you just drafted a lousy --

sir, then you just drafted a lousy complaint.  Now my question to you is:  Are you going to be able to get a complaint in to me tomorrow that actually establishes, at least facially, my jurisdiction?

MR. GOLDMAN:  Absolutely, Your Honor.  We're here on federal question jurisdiction, not diversity.  We're not seeking a monetary amount because it's injunctive relief; it can't be compensated for by --

THE COURT:  What federal --

MR. GOLDMAN:  -- money damages --

THE COURT:  What --

MR. GOLDMAN:  -- Your Honor.

THE COURT:  What federal -- what federal question jurisdiction?

MR. GOLDMAN:  Federal questions concerning the First Amendment, concerning the Federal Gun Act --

THE COURT:  Sir.

MR. GOLDMAN:  -- and concerning --

THE COURT:  Sir.

MR. GOLDMAN:  -- the interplay --

THE COURT:  Sir.

MR. GOLDMAN:  -- of the two.

THE COURT:  Sir, I'm not sure you've ever drafted a federal complaint before, but right now, you're batting zero.  You have not articulated a federal cause of action.  A

violation of the Firearms Control -- the Federal Firearms Control Act, the 922(p) provision, I may or may not have jurisdiction to enjoin a violation of that statute. That's all I can glean from your complaint, right now.

I know Mr. Delone has been in Federal Court a fair amount, perhaps you should speak with him.

But if you're not going to file a credible complaint, then I will have asked the defendants to refrain from doing what the First Amendment otherwise tells them they can do, based on nothing. So I expect to see, tomorrow at, we'll say three o'clock, a verified motion and complaint, with at least facial jurisdiction for this Court. Am I being clear?

MR. GOLDMAN: You are, Your Honor.

THE COURT: And in the mean time, Mr. Blackman, your client is going to keep this stuff, as you've described, off the internet, as far as Pennsylvania is concerned. Is that right?

MR. BLACKMAN: Yes. I actually texted my client while I was on the phone with you, Judge. He replied back, and we'll do it right away. So, as soon as they can do it, it's going to be done tonight.

THE COURT: All right.

MR. GOLDMAN: Your --

THE COURT: I appreciate --

MR. GOLDMAN: Your Honor?

THE COURT: I appreciate that very much.

Does anyone have anything else? I'm not sure of the exact time of the hearing; it will be here in this courtroom. If the parties cannot be here, we'll do it by phone, but I would prefer that the parties be here, and we have a live hearing here in the courtroom.

If -- Mr. Blackman, you have the greater distance to travel. If you want me to move it a day or so, so you can fly up here with your witnesses, I'm willing to do that. But I would ask you to keep --

MR. BLACKMAN: Your Honor, the end of -- yeah, the end of this week would be ideal. We were in Austin all of last week on emergency pleadings, and my team is pretty pressed in.

THE COURT: Well, then, if you --

MR. BLACKMAN: End of the week --

THE COURT: -- simply agree --

MR. BLACKMAN: -- would be best for --

THE COURT: -- to keep it off Pennsylvania sites --

MR. BLACKMAN: Yeah, I (indiscernible)

THE COURT: -- until we have our hearing, and until I rule after the hearing, then I will accommodate you and the Commonwealth, and hold a hearing when you're both available and you can come here.

MR. BLACKMAN: Your Honor, I will. And in fact, we -- I -- my client texted me. We're going to get it off Pennsylvania sites, and we'll keep it off until you've had a chance to rule, Your Honor, yes, sir.

MR. GOLDMAN: And Your Honor, this is Jonathan Goldman. May I be heard, just to try to correct, I believe, a misimpression the Court is under?

THE COURT: Yes.

MR. GOLDMAN: It is actually twofold. The first is, while I appreciate that Mr. Blackman, as an attorney, may believe that the files that were uploaded are files that can be 3D-printed directly to a printer, my 3D-printing expert, who's here, tells me otherwise; that those are just blueprints that cannot, in fact, be printed to a printer.

THE COURT: You're telling me that --

MR. GOLDMAN: That's number one.

THE COURT: You're telling me --

MR. GOLDMAN: The other --

THE COURT: You're telling me this isn't moot, is what you're telling me. You can certainly put that in your papers, but I don't know why you need to say it now. Mr. Blackman's client has agreed to the equitable restriction you've asked for in your papers.

MR. GOLDMAN: Yes --

THE COURT: I'm --

MR. GOLDMAN: Yes, Your Honor, and that was my second issue, is that we have concerns, again, with my expert, that what has been talked about, blocking all IP addresses in Pennsylvania, can actually be done.

THE COURT: Well, if you're asking me to grant a nationwide injunction on these papers, I would ask you to think twice.

MR. GOLDMAN: I will not ask you that, Your Honor. I just want to make sure the Court is aware that the proposal that was put before you, my understanding is, technologically, it is not what it purports to be.

THE COURT: Well, it's what they did, according to their pleadings, in Texas, and it's what Mr. Blackman says they did in the litigation in Texas. With respect to New Jersey and Los Angeles, is that right, Mr. Blackman?

MR. BLACKMAN: Yes, Your Honor. That's correct.

THE COURT: You've asked in your papers for an injunction with respect to Pennsylvania. If I -- Mr. Blackman, if I were to order you -- prohibit you from posting anything in Pennsylvania, is that what you would do, what you're doing now?

MR. BLACKMAN: Your Honor, to be frank, we don't -- Mr. Wilson doesn't plan to post any files for the foreseeable future and --

THE COURT: I'm sorry. Wait. I can't hear you.

MR. BLACKMAN: I'm sorry. The lounge is a little bit noisy. Mr. Wilson doesn't plan to post any new files for the foreseeable future. And we would stipulate we're not going to post anything new, and we're going to block off Pennsylvania IP addresses until you've had a chance to rule. We'd agree to that, Your Honor, that's fine.

MR. GOLDSTEIN: And Your Honor, Matthew Goldstein here, and just to clarify.

THE COURT: Yes. It appears Mr. Goldstein was cut off.

MR. BLACKMAN: I'm sorry. He --

MR. GOLDSTEIN: (indiscernible) but --

THE COURT: Mr. Goldstein --

MR. GOLDSTEIN: We're not waiving --

THE COURT: -- we -- mister --

MR. GOLDSTEIN: -- any objections, of course, to same.

THE COURT: Mr. Goldstein, you dropped out. We heard almost nothing you said.

MR. GOLDSTEIN: Oh, I'm sorry. Can -- again, I apologize. I'm in a car, driving.

Your Honor, just clarifying that, for mister -- that Defense Distributed can agree to, you know, block the IP addresses that are at its disposal, but we're not waiving objections. We're doing this because of the threat of

criminal prosecution that's been presented.

THE COURT:  I -- mister --

MR. GOLDSTEIN:  (indiscernible) not necessarily --

THE COURT:  None one is -- no one is --

MR. GOLDSTEIN:  -- agreeing to any injunction, per so.

THE COURT:  Mr. Goldstein, I understand that.  I asked Mr. Blackman if he would do it as a courtesy to the Court, more than anything else, so I --

MR. BLACKMAN:  Yes, Your Honor.

THE COURT:  -- so that I don't have to rule on Mr. Goldman's request.

MR. GOLDSTEIN:  Oh, I understand.  Thank you, Your Honor.  I'm having problems hearing.  So I understand now.  Thank you.

MR. BLACKMAN:  Yeah.  And this is Mr. Blackman.  I'm sorry.  The thing keeps coming out.

Your Honor, this is a courtesy to the Court.  We're all here on a Sunday evening.  This is not how we're supposed to do business.  They could have told us about this on Friday.  But I already have assurance from my client that he will take the files down as to the Pennsylvania IP addresses, he won't (indiscernible) and we can schedule this for a later time.

THE COURT:  Okay.  Then I am going to deny the

request for a TRO as moot, in light of the defendants' agreement, as stated on the record here in this -- well, the record kept by this Court. And I will set up a hearing. My Clerk Martha will be in touch with you to set up a hearing that's mutually convenient.

And Mr. Blackman, your client agrees to continue to keep this stuff off the internet in Pennsylvania, and not post new stuff, until we have -- until we hold a motion -- until we hold a hearing for a preliminary injunction, and until I rule on it. Is that right?

MR. BLACKMAN: Yes, Your Honor, absolutely.

THE COURT: All right. Is there anything more we need to discuss this evening?

MR. GOLDMAN: No, Your Honor.

THE COURT: All right.

MR. BLACKMAN: No, Your Honor (indiscernible)

THE COURT: My thanks to all. I hope you make your flight, Mr. Blackman. And I will speak to everybody later in the week. Good night.

MR. GOLDMAN: Take care, Your Honor. Thanks for hearing us.

(Proceedings concluded at 6 p.m.)

\* \* \* \* \*

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter to the best of my knowledge and ability.

_____          July 30, 2018

Coleen Rand, AAERT Cert. No. 341

Certified Court Transcriptionist

For Advanced Transcription