

Bello Reilley
McGrory & DiPippo
— ATTORNEYS AT LAW —

August 1, 2018

Robert J. Reilley, Jr.*
Salvatore F. Bello, Jr.*
Daniel T. McGrory*
Gregory P. DiPippo*
Carly J. Fenske
Douglas T. Gould
Dana T. Rieder*▲

*Also Admitted in NJ
▲Also Admitted in Texas

**VIA ELECTRONIC TRANSMISSION**
Chambers_of_Judge_Paul_S_Diamond@paed.uscourts.gov

The Honorable Paul S. Diamond
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

Re: Commonwealth of Pennsylvania, et al. v Defense Distributed, et al. Civ. No. 18-3208

Dear Judge Diamond:

    I have been retained to represent Defendants, Defense Distributed, DEFCAD, Ghost Gunner and Cody Wilson, individually, in the above-captioned matter. A similar lawsuit was filed in the United States District Court for the Western District of Washington at Seattle, which was docketed at No. C18-1115RSL (the "Washington Litigation").

    On July 31, 2018, a Temporary Restraining Order was issued in the Washington Litigation that prevents my clients from posting the CAD files at issue in these proceedings on the internet. My clients have fully complied with the Order. A hearing is scheduled in the Washington Litigation for August 10, 2018 at which time the Court will determine whether the TRO should be converted into a preliminary injunction. I have attached a copy of the Order issued in the Washington Litigation.

    Based on the foregoing, Defendants respectfully request these proceedings be held in abeyance until the conclusion of the August 10 hearing. If this request is acceptable, I will immediately update this Court at the conclusion of the proceedings in Washington on August 10.

    I thank you for your consideration of this request.

Respectfully,

Douglas T. Gould, Esq.

cc:   Karen M. Romano, Esq. kromano@attorneygeneral.gov
       Jonathan Goldman, Esq. jgoldman@attorneygeneral.gov
       Stephen Kovatis, Esq. skovatis@attorneygeneral.gov

144 East DeKalb Pike, Suite 300 ■ King Of Prussia, PA 19406
Tel. (610) 992-1300 ■ Fax (610) 992-1505
A Professional Corporation

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON, *et al.*,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF STATE, *et al.*,

Defendants.

NO. C18-1115RSL

TEMPORARY RESTRAINING ORDER

This matter comes before the Court on plaintiffs' "Emergency Motion for Temporary Restraining Order (with Notice to Adverse Party)" (Dkt. # 2) and defendants' oppositions thereto (Dkt. # 11, # 14, and # 16). On or about June 29, 2018, defendants entered into an agreement whereby the federal government agreed to publish a notice of proposed rulemaking and final rule revising the United States Munitions List ("USML") to allow the distribution of computer aided design ("CAD") files for the automated production of 3-D printed weapons, to announce a temporary modification of the USML to allow such distribution while the final rule is in development, and to issue a letter to Defense Distributed and other defendants advising that the CAD files are approved for public release and unlimited distribution. The agreement was made public on July 10, 2018, and Defense Distributed is currently allowing individuals to sign up to

TEMPORARY RESTRAINING ORDER - 1

download specific CAD files on August 1, 2018. DEFCAD, https://defcad.com (visited Jul. 31, 2018).

Prior to the June 29, 2018, agreement, the federal government had taken the position that restrictions on the export of technical data that is indispensable to the creation of guns and their components through a 3-D printing process was an essential part of its efforts to ensure that articles useful for warfare or terrorism do not proliferate and threaten United States interests and security. Under the Arms Export Control Act ("AECA"), the President of the United States is authorized "to control the import and the export of defense articles and defense services" "[i]n furtherance of world peace and the security and foreign policy of the United States." 22 U.S.C. § 2778(a)(1). "Defense articles and defense services" includes all firearms up to .50 caliber and all technical data related to such firearms, including information that "is required for the design, development, production, manufacture, assembly, operation, repair, testing, maintenance or modification of" the firearms. 22 C.F.R. § 121.1(I)(a) and § 121.10(a).

When defendant Defense Distributed posted CAD files for various weapons on its website in December 2012, the federal government requested that they be immediately removed from public access. The government advised Defense Distributed that it could request a determination from the Directorate of Defense Trade Controls ("DDTC") within the United States Department of State regarding whether the files were subject to export control under the International Traffic in Arms Regulations ("ITAR").[1] Defense Distributed filed a number of determination requests. It also filed a lawsuit in the United States District Court for the Western District of Texas in which it argued that the export restrictions constituted a prior restraint on

---

[1] The President delegated his authority to regulate under the AECA to the State Department, which promulgated the ITAR. The DDTC administers the ITAR.

TEMPORARY RESTRAINING ORDER - 2

and censorship of expression in violation of the First, Second, and Fifth Amendments to the United States Constitution. <u>Defense Distributed v. U.S. Dep't of State</u>, C15-0372RP (W.D. Tex). Defense Distributed sought a preliminary injunction precluding the imposition of any prepublication approval requirement for its CAD files. The federal government opposed the motion, arguing that:

- "export of Defense Distributed's CAD files could cause serious harm to U.S. national security and foreign policy interests" and "warrant subjecting [the files] to ITAR's export licensing of technical data;"

- Defense Distributed's "CAD files constitute the functional equivalent of defense articles: capable, in the hands of anyone who possesses commercially available 3D printing equipment, of 'automatically' generating a lethal firearm that can be easily modified to be virtually undetectable in metal detectors and other security equipment;"

- "The State Department is particularly concerned that [Defense Distributed's] proposed export of undetectable firearms technology could be used in an assassination, for the manufacture of spare parts by embargoed nations, terrorist groups, or guerrilla groups, or to compromise aviation security overseas in a manner specifically directed at U.S. persons;" and

- both the government and the public "have a strong interest in curbing violent regional conflicts elsewhere in the world, especially when such conflict implicates the security of the United States and the world as a whole."

<u>Id.</u>, Dkt. # 32 at 19-20 (internal quotation marks and citations omitted). The then-Director of the Office of Defense Trade Controls Management, Lisa V. Aguirre, concluded that the unrestricted export of Defense Distributed's CAD files would result in the production of plastic firearms that

TEMPORARY RESTRAINING ORDER - 3

are fully operable and virtually undetectable by conventional security measures, that their use to commit terrorism, piracy, assassinations, or other serious crimes would cause serious and long-lasting harm to the foreign policy and national security interests of the United States, that efforts to restrict the availability of defense articles to enemies of the United States would fail, that the proliferation of weapons and related technologies would contribute to a more dangerous international environment, and that the export would undercut the domestic laws of nations that have more restrictive firearm controls and the United States' foreign relations with those nations would suffer. Id., Dkt. # 32-1 at ¶ 35.

The district court denied the motion for preliminary injunction, noting that Defense Distributed's avowed purpose is to facilitate "*global* access to, and the collaborative production of, information and knowledge related to the three-dimensional ('3D') printing of arms," and that such activities "undoubtedly increase[] the possibility of outbreak or escalation of conflict" and are of the type Congress authorized the President to regulate through the AECA. Id., Dkt. # 43 at 8-9 (emphasis in original). The Fifth Circuit affirmed, finding that "the State Department's stated interest in preventing foreign nationals - including all manner of enemies of this country - from obtaining technical data on how to produce weapons and weapons parts" constitutes "a very strong public interest in national defense and national security." Defense Distributed v. U.S. Dep't of State, 838 F.3d 451, 458 (5th Cir. 2016).

In April 2018, the federal government moved to dismiss Defense Distributed's lawsuit, reiterating that what was at stake was "the United States' ability to control the export of weapons - a system of law and regulations that seeks to ensure that articles useful for warfare or terrorism are not shipped from the United States to other countries (or otherwise provided to foreigners) without authorization, where, beyond the reach of U.S. law, they could be used to threaten U.S.

TEMPORARY RESTRAINING ORDER - 4

1   national security, U.S. foreign policy interests, or international peace and stability." <u>Defense</u>
2   <u>Distributed v. U.S. Dep't of State</u>, C15-0372RP, Dkt. # 92 at 1 (W.D. Tex). Later that month, the
3   parties reached a tentative settlement agreement which, as described in the first paragraph of this
4   order, will allow Defense Distributed to place downloadable CAD files for automated weapons
5   printing on its website. No findings of fact or other statements are provided in the agreement that
6   could explain the federal government's dramatic change of position or that alter its prior analysis
7   regarding the likely impacts of publication on the United States' national security interests.

8       On July 30, 2018, two days before Defense Distributed plans to place downloadable CAD
9   files on its website, eight states and the District of Columbia filed this lawsuit seeking a
10  declaration that the "temporary modification" of the USML is invalid and an injunction
11  requiring the federal defendants to rescind the procedurally defective modification and refrain
12  from acting on it. Having reviewed the papers submitted by the parties along with the record
13  before the Honorable Robert L. Pitman in the United States District Court for the Western
14  District of Texas, and having heard the arguments of counsel, the Court finds as follows:

15      The procedure for obtaining a temporary restraining order differs from that which is
16  applicable in the preliminary injunction context, but the factors considered by the Court are the
17  same. In order to obtain preliminary injunctive relief, plaintiffs must establish that "(1) they are
18  likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of
19  preliminary relief; (3) the balance of equities tips in their favor, and (4) an injunction is in the
20  public interest." <u>Short v. Brown</u>, 893 F.3d 671, 675 (9th Cir. 2018) (2008). In the Ninth Circuit,
21  "if a plaintiff can only show that there are serious questions going to the merits – a lesser
22  showing than likelihood of success on the merits – then a preliminary injunction may still issue
23  if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two <u>Winter</u> factors

TEMPORARY RESTRAINING ORDER - 5

Case 2:18-cv-03208-PD   Document 19   Filed 08/01/18   Page 7 of 8
Case 2:18-cv-01115-RSL   Document 25   Filed 07/31/18   Page 6 of 7

are satisfied." Feldman v. Ariz. Sec. of State's Office, 843 F.3d 366, 375 (9th Cir. 2016) (quoting Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir. 2013)) (internal quotation marks omitted, emphasis in original).

Plaintiffs have shown a likelihood of success on the merits of their Administrative Procedure Act claim insofar as the "temporary modification" has resulted in the removal of one or more items from the USML.[2] The federal government represents that its settlement was the result of a multi-year review process which was completed in May 2018 and resulted in a determination that the type of firearms and related technical data at issue here would not provide a military advantage to adversaries and therefore no longer warrant export control under the AECA and should be removed from the USML. In such circumstances, the governing statute, 22 U.S.C. §2778(f)(1), requires that the results of such reviews be reported to Congress and precludes the removal of any item from the USML until thirty days after such notice is given. When the President delegated his authority under the AECA to the Secretary of State, he also imposed a requirement that any changes in designations of defense articles and defense services subject to export control had to have the concurrence of the Secretary of Defense. There is no indication that the federal government followed the prescribed procedures.

Plaintiffs have also shown a likelihood of irreparable injury if the downloadable CAD files are posted tomorrow as promised. A side effect of the USML has been to make it more

---

[2] For purposes of this temporary order, the Court finds that plaintiffs have standing to pursue their claims. Although the restriction of access to technical data within the United States is not the focus or goal of the USML, there is no separation of the internet between domestic and international audiences. Thus, the listing has effectively limited access to the CAD files within the jurisdictions governed by plaintiffs. The States and the District of Columbia have a clear and reasonable fear that the proliferation of untraceable, undetectable weapons will enable convicted felons, domestic abusers, the mentally ill, and others who should not have access to firearms to acquire and use them.

TEMPORARY RESTRAINING ORDER - 6

difficult to locate and download instructions for the manufacture of plastic firearms. If an injunction is not issued and the status quo alters at midnight tonight, the proliferation of these firearms will have many of the negative impacts on a state level that the federal government once feared on the international stage. Against this hardship is a delay in lifting regulatory restrictions to which Defense Distributed has been subject for over five years: the balance of hardships and the public interest tip sharply in plaintiffs' favor.

For all of the foregoing reasons, plaintiffs' motion for temporary restraining order is GRANTED. The federal government defendants and all of their respective officers, agents, and employees are hereby enjoined from implementing or enforcing the "Temporary Modification of Category I of the United States Munitions List" and the letter to Cody R. Wilson, Defense Distributed, and Second Amendment Foundation issued by the U.S. Department of State on July 27, 2018, and shall preserve the status quo *ex ante* as if the modification had not occurred and the letter had not been issued.

Pursuant to the limitations set forth in Fed. R. Civ. P. 65, this matter is hereby set for hearing on Friday, August 10, 2018, at 9:00 a.m. in Courtroom 15106 to determine whether this temporary restraining order should be converted to a preliminary injunction. No bond shall be required.

DATED this 31st day of July, 2018, at 4:35 p.m.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

TEMPORARY RESTRAINING ORDER - 7