# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, GOVERNOR TOM WOLF, ATTORNEY GENERAL JOSH SHAPIRO, and PENNSYLVANIA STATE POLICE, *Plaintiffs*, v. DEFENSE DISTRIBUTED, DEFCAD, GHOST GUNNER, and CODY WILSON, *Defendants*. | No. 2:18-cv-03208-PD |

**Defendants' Reply in Support of**
**Defendants' Motion to Reinstate**

Josh Blackman
josh@joshblackman.com
1303 San Jacinto Street
Houston, Texas 77002
(202) 294-9003

Beck Redden LLP
Chad Flores
cflores@beckredden.com
Daniel Hammond
dhammond@beckredden.com
Hannah Roblyer
hroblyer@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
(713) 951-3700

Counsel for Defendants

**Defendants' Reply in Support of**
**Defendants' Motion to Reinstate**

The Court should remove this case from the Civil Suspense Docket and reinstate it to active status. The suspension order's logic no longer applies and the state officials' own pronouncements prove the need for immediate reinstatement.

**I.     The suspension order's logic no longer applies.**

The order suspending this case presupposes a need to await the outcome of the 2018 Washington case, which was in its infancy at the time. But that logic no longer applies for three independent reasons.

First, the Court need not await the 2018 Washington case's outcome because of critical party differences. Three of this case's four plaintiffs (all but the Commonwealth itself) were completely absent from the 2018 Washington case. So were three of this case's four defendants (all but Defense Distributed). As to those six parties, the 2018 Washington case's judgment cannot possibly have any controlling effect. The claims between them have to be litigated *tabula rasa* no matter what. *See, e.g.*, *Taylor v. Sturgell*, 553 U.S. 880, 898 (2008) ("the general rule [is] that a litigant is not bound by a judgment to which she was not a party"). And although Defense Distributed was deemed a "party" to the Washington case, the judgment never addressed any of Defense Distributed's rights or obligations because no party ever asserted any claim against it. The only parties against whom the 2018 Washington case entered a merits judgment were the federal defendants.

1

Second, the Court need not await the 2018 Washington case's outcome because of critical claim differences. In this case, the Pennsylvania officials allege claims pursuant to Pennsylvania state law. Doc. 16 at 21–23. The 2018 Washington case did not involve any such state-law claims, let alone accept them. The 2018 Washington case's only claims were federal. Its plaintiffs asserted Administrative Procedure Act claims (accepted) and Tenth Amendment claims (rejected). No such claims exist here. Moreover, as the Court will see when the merits are litigated, the Defendants here can prevail *without* needing to rely upon the federal license and temporary regulatory modification at issue in the 2018 Washington case.

Third, the Court need not await the 2018 Washington case's outcome because the relevant outcome arrived when that district court issued its final judgment. An appeal's pendency does not halt a judgment's preclusive effect. *E.g.*, 18A Charles A. Wright & Arthur R. Miller et al., Federal Practice & Procedure § 4433 (3d ed. West 2020). Thus, even if the Pennsylvania officials were somehow right about the 2018 Washington case controlling an aspect of this case (Defendants still disagree), it is already so. There is nothing to wait for. If the Pennsylvania officials' preclusion argument has any merit, they can assert it via the standard procedural means now.

Reopening the instant case now, before the Ninth Circuit decides the appeal, does *not* deprive the Pennsylvania officials of anything. The instant motion established—and the Pennsylvania officials do not contest—that the 2018

Washington case's Ninth Circuit appeal *cannot possibly* "yield *more* relief for the Commonwealth of Pennsylvania than the current judgment." Mot. at 2. Their failure to appeal stops them from achieving anything new in the Ninth Circuit. Their best possible outcome is to have the current judgment affirmed, in which case delaying the instant action will have achieved nothing. If the Pennsylvania officials cannot win the instant case now, they never will.

Reopening the instant case now, before the Ninth Circuit decides the appeal, is also acceptable to the Defendants. If anything, a Ninth Circuit reversal might yield a new and additional reason for the Defendants here to prevail. The rules are perfectly capable of accounting for such a development if and when it occurs, *see, e.g.*, Fed. R. Civ. P. 15, and the Defendants are willing to proceed now without it. This litigation need not wait for *another* reason to reject the Pennsylvania officials' claims because plenty exist already. The Pennsylvania officials should lose for a litany of reasons that have nothing to do with the 2018 Washington case.

The Pennsylvania officials cite no law that warrants awaiting the 2018 Washington case's appeal. Indeed, no known precedent lets a plaintiff stall their own case for fear that a forthcoming decision might defeat it. To the contrary, it is both correct and commonplace to account for newly issued appellate decisions if and when they arrive, via standard motion practice. Unless and until that bridge has to be crossed, this case should proceed as the rules dictate without any further delay.

3

## II. The letter demanding more censorship proves the need for reinstatement.

Any doubts about whether to restart this case are resolved by the Pennsylvania officials' own recent pronouncements. They responded to the instant motion on April 10, claiming that all is calm and no urgency exists. But *just three days later*, on April 13, Pennsylvania's Attorney General joined other state officials to issue a demand letter about Defense Distributed to the United States Secretary of State and Attorney General. This letter contradicts the response, proves the controversy's escalating nature, and confirms the need to resume proceedings immediately.

In the April 13 demand letter to federal officials, Ex. A, Pennsylvania has once again sought to censor Defense Distributed in violation of the First Amendment and other critical free speech protections. The letter—signed by the Pennsylvania Attorney General himself—accuses Defense Distributed of violating federal law by "making computer files for the production of 3D-printed firearms available on its website." *Id.* at 1. It demands that the federal government censor Defense Distributed with "both its civil and criminal enforcement power." *Id.*

These brazen assertions of wrongdoing are completely false, both in law and fact. Defense Distributed is breaking no law. And a state can *never* commandeer federal officials to do the state's bidding—especially when the request is to violate the First Amendment. Yet the letter is right about one thing. Nothing about this dispute is dormant. Immediate attention is needed.

4

The dispute between Pennsylvania's officials and Defense Distributed is, as their letter says, an "urgent matter." Ex. A at 1. The outcome is, indeed, of great consequence to the "citizens of our states" nationwide. *Id.* At stake is the nation's First Amendment right to speak about the Second Amendment. Pennsylvania's state officials are right to "strongly urge the federal government to act swiftly." *Id.* But they are wrong about which branch should act and wrong about the needed result.

The April 13 demand letter is the latest manifestation of Pennsylvania's longstanding policy of censoring Defense Distributed. For years now, this policy has outlawed Defense Distributed's publication of digital firearms information online. It took effect in 2018, has been enforced against Defense Distributed in the past, continues to be enforced against Defense Distributed at present, and is threatened to be enforced against Defense Distributed in the future.

Pennsylvania's censorship policy and the April 13 letter that advances it are blatantly unconstitutional. *See Okwedy v. Molinari*, 333 F.3d 339, 344 (2d Cir. 2003) ("[T]he fact that a public-official defendant lacks direct regulatory or decisionmaking authority over a plaintiff . . . is not necessarily dispositive . . . . What matters is the distinction between attempts to convince and attempts to coerce."); *Backpage.com, LLC v. Dart*, 807 F.3d 229, 231 (7th Cir. 2015) ("a threat is actionable and thus can be enjoined even if it turns out to be empty"). The need to end this wrongdoing and uphold the First Amendment is as urgent as ever.

Defense Distributed did not pick this fight.  The Pennsylvania officials did.  They chose to invoke this Court's jurisdiction as plaintiffs.  They chose to seek an adjudication of their censorship policy's constitutionality.  Having opened that door quite voluntarily, the Pennsylvania officials that started this case now have only two options: (1) accept reinstatement and pursue their claims, or (2) accept reinstatement and dismiss their claims.  Continued suspension is not an option because it lets the suit "hover[] over each content provider, like the proverbial sword of Damocles." *Reno v. ACLU*, 521 U.S. 844, 881 (1997).

Article III of the Constitution gives every federal court a virtually unflagging obligation to decide any case brought within its jurisdiction.  Each court has "no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Cohens v. Virginia*, 19 U.S. 264, 404 (1821) (Marshall, C.J.).  "The one or the other would be treason to the constitution." *Id*.  The time for that obligation to be honored is now.  This case should proceed immediately.

## Conclusion

The motion should be granted.  The Court should remove this case from the Civil Suspense Docket and reinstate it to active status.

Date: April 17, 2020.

Josh Blackman
josh@joshblackman.com
1303 San Jacinto Street
Houston, Texas 77002
(202) 294-9003

Respectfully submitted,

Beck Redden LLP

*/s/ Chad Flores*

Chad Flores
cflores@beckredden.com
Daniel Hammond
dhammond@beckredden.com
Hannah Roblyer
hroblyer@beckredden.com
1221 McKinney Street, Suite 4500
Houston, Texas 77010
(713) 951-3700

## Certificate of Service

On April 17, 2020, this document was filed using the Court's Electronic Case Filing system and served on all parties via the Notice of Electronic Case Filing.

                                    Beck Redden LLP

                                    */s/ Chad Flores*

                                    Chad Flores
                                    cflores@beckredden.com
                                    1221 McKinney Street, Suite 4500
                                    Houston, Texas 77010
                                    (713) 951-3700